## Mrs. W. H. Richardson v. W. L. Robinson Coal Company.

1. HUSBAND AND WIFE—*Jointly and Severally Liable for Family Expenses.*—Under Sec. 15, Chap. 68, Rev. Stat., the liability of husband and wife for family expenses is a joint and several liability and may be enforced against both or either.

2. EVIDENCE—*Of Husband in Suit Against Wife on Account Should Be Admitted.*—In a suit on an account against a husband and wife, the evidence of the husband, who admitted the account to be due, is com-

petent as tending to fix the liability of the husband, and the nature of merchandise, if for family use, would have made the statute apply to charge a like liability upon the wife.

Assumpsit, for coal sold and delivered. Appeal from the County Court of Cook County; the Hon. W. C. DeWolf. Jr., Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed May 23, 1901.

This suit was commenced by the W. L. Robinson Coal Company, appellee, against W. H. Richardson and Mrs. W. H. Richardson, his wife, the appellant, before a justice of the peace, to recover for four tons of coal. Both were served with process and a judgment was there rendered against both, from which appellant perfected her appeal to the County Court of Cook County, Illinois. Appellee there had a summons issued and served on W. H. Richardson, and thus he was brought into the County Court. Before trial in the latter court, the appellee dismissed the suit as to W. H. Richardson, and proceeded to trial against appellant, against whom it obtained judgment.

Upon the trial the appellee was permitted, over objection, to introduce in evidence certain sheets, which purported to contain original entries, and to be part of books of original entries made in due course of appellee's business. The sheets showed entries of sales of coal to W. H. Richardson.

No evidence was presented as to the person by whom these books were kept or by whom the entries in question were made. Nor was there any evidence that the entries in question were true and just. Counsel for appellee attempted to prove an account stated, by showing that a statement of the account had been presented to W. H. Richardson, and that he had acknowledged the amount stated to be due. This proffer was excluded by the court.

The jury returned a verdict for appellee and assessed its damages at $24. From judgment upon the verdict this appeal is prosecuted.

F. A. Woodbury, attorney for appellant.

Gale Blocki, attorney for appellee.

Mr. Justice Sears delivered the opinion of the court.

Counsel for appellant contend that there could be no recovery against appellant, Mrs. Richardson, after the suit had been dismissed as to her husband.   This contention is not tenable.   The liability of husband and wife for such family expenses is a joint and several liability.   Chap. 68, Sec. 15, R. S.

And this liability might be enforced against both or against either.

It is also contended that the evidence is not sufficient to sustain the verdict.   We regard this contention as sound. No sufficient foundation was laid for the introduction of the books of original entries.   There was no proof as to the person by whom the entries were made nor that the entries were true and just.

The evidence proffered by appellee to show that a statement of account was presented to W. H. Richardson, and that he admitted the amount stated to be due, should have been admitted.   It would have tended to fix the liability of the husband, and the nature of the merchandise sold, if for family use, would have made the statute apply to charge a like liability upon appellant.   But this evidence was not admitted, and it is not in the record.   There is no evidence in the record from which the jury could properly find that appellant was liable.

It is unfortunate that in a suit where the amount involved is less than the cost of litigation, it should be necessary to award another trial; but verdicts, however small, can not be permitted to stand without some support of evidence.

The judgment is reversed and the cause is remanded.